# STATE OF MICHIGAN

# COURT OF APPEALS

LYNNE RENAE MIMMS,

        Plaintiff-Appellee,

v

BRIAN RAYMOND MAURER and MEEMIC
INSURANCE COMPANY,

        Defendants,

and

CITY OF SOUTHFIELD,

        Defendant-Appellant.

UNPUBLISHED
March 19, 2015

No. 317047
Oakland Circuit Court
LC No. 2012-128548-NI

Before: DONOFRIO, P.J., and RIORDAN and GADOLA, JJ.

PER CURIAM.

Defendant, City of Southfield, appeals as of right the trial court order denying, in part, its motion for summary disposition. A police officer cadet for the City of Southfield was involved in a car accident with plaintiff, Lynne Renae Mimms. Defendant moved for summary disposition under MCR 2.116(C)(7), partly based on damages. Defendant posited that plaintiff could seek damages only for "bodily injury and property damage," which did not extend to emotional injuries and wage loss. The trial court denied the motion on those grounds. We affirm.

At issue in this case is whether, under the motor vehicle exception to governmental immunity, MCL 691.1405, plaintiff was precluded from seeking damages for emotional injuries and wage loss.[1] Because this issue was pending before the Michigan Supreme Court, we held this case in abeyance for the Court's decision in *Hannay v Dep't of Transp*, __ Mich __; __

---

[1] MCL 691.1405 provides that government agencies are "liable for bodily injury and property damage resulting from the negligent operation by an officer, agent, or employee of the governmental agency, of a motor vehicle of which the governmental agency is owner. . . ."

-1-

NW2d __ (Docket No. 146763, issued December 19, 2014). *Hannay* now being decided, we affirm.

In *Hannay*, the Court held that "the phrase 'liable for bodily injury' within the motor vehicle exception means that a plaintiff who suffers a bodily injury may recover for items of tort damages that naturally flow from that physical or corporeal injury to the body, which may include both economic and noneconomic damages." *Hannay*, __ Mich at __; slip op at 3. The Court held that such damages still remain subject to the no-fault act. *Id.* at __; slip op at 28. In other words, "a plaintiff may bring a third-party tort action for economic damages, such as work-loss damages, and noneconomic damages, such as pain and suffering or emotional distress damages, against a governmental entity if the requirements under MCL 500.3135 have been met." *Id.* at __; slip op at 29.[2]

Given our Supreme Court's decision in *Hannay, supra*, the trial court did not err in finding that plaintiff is permitted to seek wage loss and noneconomic damages. We affirm.

/s/ Pat M. Donofrio
/s/ Michael J. Riordan
/s/ Michael F. Gadola

---

[2] Defendant also claims that it was entitled to a full evidentiary hearing to determine whether plaintiff satisfied the no-fault threshold, MCL 500.3135. Plaintiff responds that we lack jurisdiction to address this issue. We simply note that *Hannay* addressed the entitlement to an evidentiary hearing. The Court found that a plaintiff need only demonstrate "bodily injury" for governmental immunity purposes in order to survive a MCR 2.116(C)(7) motion. *Hannay*, __ Mich at __ n 94; slip op at 30. The Court concluded, "For these reasons, it was error for the [lower court] to conclude that resolution of this motion with regard to excess economic damages would require an evidentiary hearing before the court." *Id.*